IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEREK DAMEAN STEWART,

       **Plaintiff,**

v.

       Case No. 20-CV-01104-SPM

FAIRVIEW MEDICAL GROUP and
PHILIP CHU, MD,

       **Defendants.**

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This case is related to three previous cases in this Court. In October 2018, *pro se* Plaintiff Derek Damean Stewart filed a complaint against Elite Imaging ("Elite") alleging various issues related to a magnetic resonance imaging ("MRI") test that he received and claimed was inaccurate. SDIL Case No. 18-CV-02039-JPG-RJD. United States District Judge J. Phil Gilbert dismissed the case without prejudice for lack of subject matter jurisdiction under 28 U.S.C. § 1332 and failure to state a claim under the 28 U.S.C. § 1915(e)(2) *in forma pauperis* ("IFP") screening statute. Stewart then filed another complaint in March 2019 against Elite alleging medical malpractice, double billing, billing code fraud, identity theft, and "attempted murder" from the same encounter. SDIL Case No. 19-CV-00286-SMY. United States District Judge Staci M. Yandle dismissed the case with prejudice for failure to state a claim under the IFP screening statute. On October 14, 2020, Stewart filed a Complaint against the "Southern District of Illinois", Judge Yandle, Judge Gilbert, and United States

Magistrate Judge Reona J. Daly alleging "Case law, Judicial Misconduct." SDIL Case No. 20-CV-01090-SPM. The Undersigned dismissed the case with prejudice under the IFP screening statute because it was legally frivolous (Doc. 6).

This case is now before the Court for consideration of Stewart's Motion for Leave to Proceed IFP (Doc. 3). On October 19, 2020, Stewart filed a Complaint against Fairview Medical Group and Dr. Philip Chu alleging facts that indicate that this suit is also based on his MRI with Elite (Doc. 1). In the Complaint, Stewart claims that he went to St. Elizabeth's Hospital after repeated shoulder dislocations at work (*Id.*). He claims that the person providing care conducted an x-ray and gave him a follow-up appointment with Dr. Chu (*Id.*). After explaining his shoulder problem and his repeated dislocations, Dr. Chu ordered an MRI, which Stewart completed before leaving. After the MRI, Stewart states that "they" called him and told him "it was nothing" (*Id.*). Stewart states that he called "the doctor" back and left a voicemail, but never received a call back (*Id.*). Stewart claims that he then called Elite and attempted to obtain a copy of the report, but the disk he obtained had the wrong time on it, two different patient ID numbers, and did not contain any reports (*Id.*). Stewart alleges that the "doctors that signed off on that never went over the [MRI] with me" and neither was the referral doctor (*Id.*).

Stewart asserts that this incident deprived him of surgery, benefits, and employment, which worsened his shoulder problem (*Id.*). He states the incident also put his health and life at risk, and the "they" overbilled him (*Id.*). He is asking for relief that includes fines; imprisonment; revocation of license; garnishment of wages and property; default judgment, reimbursement of money, and "[c]losure of all

businesses of every person involved" (*Id.*). Stewart states that the amount in controversy is $3,000,000.00 (*Id.*).

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees if the movant "submits an affidavit that includes a statement of all assets he possesses [showing] that he is unable to pay such fees or give security therefor." Stewart appears to be indigent and he has signed his affidavit. Accordingly, the Motion for IFP is **GRANTED**.

The Court *sua sponte* gives jurisdictional scrutiny on the issue of federal subject matter jurisdiction. "It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case." *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007). Stewart has failed to properly allege federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Specifically, his selected basis for federal question jurisdiction, "Attempted Murder," has no grounding in United States Code. Additionally, Stewart has failed to allege the citizenship for two of the parties to his suit for diversity jurisdiction purposes. Stewart must cure these issues by filing an Amended Complaint properly establishing jurisdiction.

The Court also gives threshold scrutiny to Stewart's Complaint. Section 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff. The Court must dismiss any complaint if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003)

("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of Stewart's Motion for IFP requires the undersigned District Judge to closely review the allegations of his petition.

Stewart's claim fails this additional level of review. His claim for monetary damages is not explained to the degree of particularity necessary to indicate he is entitled to any relief. While this Court construes *pro se* complaints liberally, the monetary damages amount does not comport with allegations that Stewart attended an appointment with Dr. Chu, an MRI was conducted, results were given, and Dr. Chu did not return his phone call. Nowhere in the complaint does Stewart allege that Dr. Chu did anything that could cognizably warrant suit and Fairview Medical Group is not even mentioned by name in the allegations. Therefore, the complaint is **DISMISSED without prejudice**.

For the foregoing reasons, the Motion for Leave to Proceed IFP (Doc. 3) is **GRANTED**. Additionally, Plaintiff Derek Damean Stewart's case is **DISMISSED without prejudice**. All pending motions are **DENIED as MOOT**. Stewart shall file an Amended Complaint no later than December 15, 2020 which cures the jurisdictional and sufficiency issues in the Complaint.

**IT IS SO ORDERED.**

DATED:   November 24, 2020

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**